**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**


| | | |
|---|---|---|
| **JOSEPH GILES, natural son of** | ) | |
| **GEORGE GILES, deceased** | ) | |
| | ) | **CASE NO. 5:19-06068-SJ-RK** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **EMORAL, INC., F/K/A** | ) | |
| **POLAROME INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |


<u>**ORDER APPROVING WRONGFUL DEATH SETTLEMENT AND ALLOCATING**</u>
<u>**PROCEEDS OF SETTLMENT AMONG BENEFICIARIES**</u>
<u>**PURSUANT TO MO. REV. STAT. § 537.095**</u>

On September 30, 2020, this Court held a hearing on Plaintiff's Motion for Approval and

Allocation of Wrongful Death Settlement (Doc. 76). Based upon the evidence received and the

arguments of counsel, the Court finds as follows:

1.      Plaintiff Joseph Giles is the natural son of George Giles, deceased.

2.      Plaintiff's claims arise from George Giles' work at Ventura Foods in St. Joseph,

Missouri.

3.      Ventura Foods manufactured, among other things, butter flavored products.

Among the products manufactured by Ventura Foods were food flavorings that contained the

ingredient diacetyl.

4.      Plaintiff claimed that, during the time George Giles worked at Ventura Foods,

George Giles was exposed to food flavorings that contained diacetyl supplied by defendant

Emoral, Inc., f/k/a Polarome International, Inc. ("Emoral")

5.	Plaintiff claimed that exposure to diacetyl sold by defendant Emoral caused, or contributed to cause, George Giles to develop the lung disease bronchiolitis obliterans that ultimately led to George Giles' death.

6.	Defendant Emoral denied the claims of Plaintiff.

7.	George Giles was survived by the following persons entitled to recover damages for wrongful death pursuant to Mo. Rev. Stat. § 537.080:

- Andrew Giles, natural son;

- Eric Giles, natural son;

- Joseph Giles, natural son;

- Mindee Giles, natural daughter; and

- Onie Giles, wife.

8.	Following the death of George Giles, Eric Giles passed away on November 12, 2019.

9.	Samantha Giles was appointed as administrator of the estate of Eric Giles.

10.	Based upon the facts and circumstances of this case, settlement of the claim for wrongful death of George Giles is fair, and reasonable, and in the best interest of the class of persons entitled to bring a claim pursuant to Mo. Rev. Stat. § 537.080 for wrongful death of George Giles.

11.	All members of the class of wrongful death beneficiaries employed the legal services of Humphrey, Farrington & McClain, P.C., to prosecute the claim for wrongful death of George Giles against defendant Emoral.  Counsel has investigated the facts and law pertinent to these claims, and brought claims for the benefit of the class of persons entitled to recover for the wrongful death of George Giles.

12.     All members of the class of wrongful death beneficiaries have received notice of the settlement and agree that the proposed settlement is fair and reasonable based upon the facts and circumstances of the case and have requested that the settlement be approved by the Court.

13.     The terms of the settlement with Emoral are confidential.  The amount of the settlement has been provided to the Court and the Court finds the amount of the settlement to be reasonable given the facts and circumstances of this case and the risks associated with continued litigation.

14.     The attorney's fees in this case were provided for pursuant to a contingent fee agreement.  The Court approves the request for attorney's fees as provided by contract.

15.     The fee agreement in this case provided for repayment of litigation expenses incurred.  The Court approves the request for repayment of litigation expenses as provided by contract.

16.     At the time of his death, George Giles was a Medicare recipient.  The Court approves payment to Medicare upon receipt of a Final Demand Letter by Centers for Medicare and Medicaid Services (CMS) for repayment of medical expenses paid by Medicare on behalf of George Giles for medical treatment related to injuries resulting from exposure to diacetyl.

17.     The persons entitled to recover for the wrongful death of George Giles have requested that the proceeds of the settlement be distributed in equal amounts among the wrongful death beneficiaries.  The Court directs that the net proceeds from the wrongful death of George Giles be distributed as follows:

- Andrew Giles – twenty percent (20%) of the net proceeds;

- Estate of Eric Giles – twenty percent (20%) of the net proceeds;

- Joseph Giles – twenty percent (20%) of the net proceeds;

- Mindee Giles – twenty percent (20%) of the net proceeds; and

- Onie Giles – twenty percent (20%) of the net proceeds.

18.     All members of the class of wrongful death beneficiaries have been informed and understand that settlement of the claim against defendant Emoral will result in the waiver of the right to trial by a jury.

19.     All members of the class of wrongful death beneficiaries have been informed that, in the event this case went to trial, a jury could award more that the amount of the settlement as damages for the wrongful death of George Giles.

20.     All members of the class of wrongful death beneficiaries have been informed that, in the event this case went to trial, a jury could award less that the amount of the settlement as damages for the wrongful death of George Giles.

21.     All members of the class of wrongful death beneficiaries have been informed that, in the event this case went to trial, a jury could find in favor of defendant Emoral and against Plaintiff on the claim for wrongful death of George Giles.

Based on the above, accordingly, it is ORDERED THAT:

1.     The settlement of the claim for wrongful death of George Giles against defendant Emoral, Inc. is approved;

2.     The attorney's fees and expenses requested by Humphrey, Farrington & McClain are approved;

3.     The allocation of wrongful death proceeds as described above is approved;

4.     Plaintiff Joseph Giles is authorized to execute and deliver the release and settlement agreement contained within Exhibit H; and

4

5.    Plaintiff Joseph Giles is authorized to a) collect payment and acknowledge receipt; b) pay the attorney's fees and expenses as contracted and approved by the Court; c) reimburse CMS for conditional payments made for medical treatment to George Giles as set forth by a Final Demand Letter from CMS; and d) distribute the net proceeds as allocated and approved by the Court as set forth above.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 30, 2020